

# ORIGINAL

## IN THE SUPERIOR COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| CYNTHIA WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE NO. |
| | ) | 2014CV244004 |
| v. | ) | |
| | ) | |
| RESURGENS RISK MANAGEMENT, INC. and | ) | **FILED IN OFFICE** |
| WILLIE H. BURKS, | ) | JURY |
| | ) | DEMANDED |
| Defendants. | ) | MAR 2 4 2014 |
| | ) | DEPUTY CLERK SUPERIOR COURT |
| | | FULTON COUNTY, GA |

## COMPLAINT

COMES NOW Plaintiff, by and through her attorneys, and asserts her claims against Defendants under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq., for overtime wage compensation and other relief on the grounds set forth as follows:

### JURISDICTION AND VENUE

1.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 216(b).

2.

Venue is appropriate in this Court as Defendant Resurgens Risk Management, Inc. ("Resurgens") resides in Fulton County and has its registered agent in Fulton County.

### PARTIES

3.

Plaintiff Cynthia Williams ("Williams") is a natural person and a citizen of the State of Georgia. Plaintiff Williams is former employee of Defendants, having been employed from on or about June, 2006 until her resignation in August, 2013.

- 1 -

4.

Defendant Resurgens Risk Management, Inc. (hereinafter "Resurgens") is a domestic for profit corporation existing under the laws of the State of Georgia.  Defendant Resurgens may be served with process via service on its Registered Agent, Willie H. Burks at his business address of 1201 Peachtree Street, NE, Suite 1730, Atlanta, Georgia 30361.

5.

Defendant Resurgens is subject to the personal jurisdiction of this Court.

6.

Defendant Willie H. Burks ("Burks") is a natural person who resides in Fulton County. Defendant Burks may be served with process at his business address of 1201 Peachtree Street, NE, Suite 1730, Atlanta, Georgia 30361.

7.

Defendant Burks is subject to the personal jurisdiction of this Court.

## FACTS

8

Plaintiff brings this action on behalf of herself only.

9.

Plaintiff was employed by Defendants as a full-time, non-exempt insurance account representative from approximately June 2006 until her resignation in August, 2013.

10.

Plaintiff was an employee engaged in commerce as an insurance account representative and was an "employee" of Defendant Resurgens as defined in 29 U.S.C. § 203(e)(1).

- 2 -

11.

Defendants were/are an "enterprise" as that term is defined by 29 U.S.C. § 203(r).

12.

Defendant Resurgens is an enterprise engaged in commerce, *i.e.* selling insurance and providing related services as defined in FLSA § 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

13.

Defendant Burks is Defendant Resurgens' Chief Executive Officer, Chief Financial Officer, Secretary and sole shareholder.

14.

Defendant Burks had day-to-day operational and supervisory control over Defendant Resurgens during the time period relevant to this action.

15.

Defendant Burks had the authority to set the compensation and work schedules of Plaintiff and to hire and fire Resurgens' employees during the time period relevant to this action.

16.

Upon information and belief, in 2011, Defendant Resurgens had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

17.

In 2011, Plaintiff was paid an hourly rate of $22.96 per hour.

18.

Plaintiff was not guaranteed at least $455.00 per week in wages.

19.

Plaintiff's work period consisted of a seven day calendar week.

20.

The work period for Plaintiff began on Sunday and ended on Saturday.

21.

The work done by Plaintiff was an integral and essential part of Defendants' business.

22.

Defendant Resurgens was an "employer" of Plaintiff as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

23.

Defendant Burks was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d) inasmuch as he was acting directly or indirectly in the interest of Defendant Resurgens in his interactions with Plaintiff, and as he controlled the terms and conditions of employment of Plaintiff on a day to day basis.

24.

Defendant Burks had authority and control over Defendant Resurgens' common policy of requiring its hourly paid employees to work overtime hours "off the clock".

25.

In 2011, Defendants required Plaintiff to "clock in" and "clock out" to record Plaintiff's work hours.

26.

Instead of recording the actual time Plaintiff "clocked in", the time keeping system reflected that Plaintiff "clocked in" at 8:30 am, even if she "clocked in" earlier than 8:30 am.

27

In 2011, Plaintiff frequently "clocked in" and began her work day before 8:30 am.

28.

Instead of recording the actual time Plaintiff "clocked out", the time keeping system reflected that Plaintiff "clocked out" at 5:30 pm, even if she "clocked out" later than 5:30 pm.

29.

In 2011, Plaintiff frequently "clocked out" and finished her work day after 5:30 pm.

30.

In 2011, Plaintiff frequently worked on weekends and received no compensation whatsoever for such work.

31.

In 2011, Plaintiff frequently worked over 40 hours per week for Defendants, but was not paid for the overtime hours she worked and was paid for no more than forty (40) hours per week.

32.

In 2011, Plaintiff typically worked approximately fifty-five (55) to sixty (60) hours each week.

33.

In 2011, Plaintiff was not compensated at all for the overtime hours she worked.

34.

In 2011, Defendants were aware of and had knowledge that Plaintiff was working overtime hours for which she was not being compensated.

35.

In 2011, Defendants suffered and permitted Plaintiff to work the overtime hours for the benefit of Defendants for which she was receiving no compensation.

36.

Plaintiff was not subject to any exemption from the overtime wage pay requirements of the FLSA.

37.

Defendants have failed to meet the requirements for any of the exemptions from application of the overtime age requirements of the Fair Labor Standards Act under 29 U.S.C. §§ 207 or 213.

38.

Plaintiff was required to be compensated by Defendants at the rate of time and one half of her regular hourly rate for all hours worked in excess of forty (40) in any and every work week.

39.

In 2011, Plaintiff's regular hourly pay rate was $22.96 per hour.

40.

In 2011, Plaintiff's overtime hourly pay rate was $34.44 per hour.

41.

Defendants knew or should have known that the FLSA applied to Plaintiff.

42.

Upon information and belief, in failing and or refusing to pay Plaintiff at her overtime hourly rate for all hours worked in any and every work week in excess of forty (40), Defendants have not relied on any letter ruling from the Department of Labor indicating that Plaintiff was

- 6 -

not entitled to such overtime pay.

43.

Upon information and belief, in failing and or refusing to pay Plaintiff at her overtime hourly rate for all hours worked in any and every work week in excess of forty (40), Defendants have not relied on any legal advice indicating that such practice was permitted under the FLSA.

44.

Defendants have refused to adequately compensate Plaintiff for work in excess of forty (40) hours per work period, at the overtime rate required by law, and have willfully refused to rectify the situation.

45.

Defendants are liable to Plaintiff for compensation for any and all time worked in excess of forty (40) hours per week at the rate of at least one and one-half times the regular rate.

46.

Plaintiff worked overtime hours even in weeks in which she took a personal day. In such weeks, Defendants paid Plaintiff only for the hours she worked Monday through Friday from 8:30 am to 5:30 pm. In such weeks, Defendants paid Plaintiff nothing for the remaining "straight time" hours worked (*i.e.* hours 32-40 that week) and nothing for the overtime hours worked in that week.

47.

In work weeks in which Plaintiff worked in excess of forty (40) hours per week but was not paid for all of the first forty (40) hours worked in that work week, Defendants owe Plaintiff her regular hourly rate for all unpaid hours worked up to the first forty (40) hours worked, as well as time and one half of her regular hourly rate for all hours worked in excess of forty (40).

See 29 C.F.R. § 778.315 and 29 C.F.R. § 778.317.

48.

Defendants' conduct constitute willful violations of 29 U.S.C. §§ 207 and 215 of the FLSA, entitling Plaintiff to all relief afforded under the FLSA, including the application of a three (3) year statute of limitations, the award of liquidated damages, and attorneys' fees and costs of litigation pursuant to 29 U.S.C. § 216.

## CLAIMS FOR RELIEF

### COUNT ONE

### VIOLATION OF 29 U.S.C. §§ 207, 215 and 216

49.

Paragraphs 1 through 48 are incorporated herein by this reference.

50.

Defendants' failure to compensate Plaintiff for time actually worked in excess of forty (40) hours per week on the basis of one and one-half times the regular hourly rate of pay is a violation of §§ 207 and 215 of the Fair Labor Standards Act of 1938, as amended.   Such violation is intentional and willful.  Said violation gives rise to a claim for relief under the FLSA for unpaid overtime compensation for three years prior to the filing of this Complaint, through the date of judgment in this action, liquidated damages in an amount equal to the unpaid compensation, declaratory and injunctive relief, and reasonable attorneys' fees and expenses of litigation, pursuant to 29 U.S.C. § 216.

**WHEREFORE,** Plaintiffs request that this Court:

(a)     Take jurisdiction of this matter;

(b)     Issue an Order holding each of the Defendants to be an "employer" as that term is

- 8 -

defined under the FLSA;

(c)     Grant a trial by jury as to all matters properly triable to a jury;

(d)     Issue a judgment declaring that Plaintiff was covered by the provisions of the FLSA and that Defendants have failed to comply with the requirements of the FLSA;

(e)     Award Plaintiff her straight time pay for all straight-time hours she worked but for which she received no compensation in work weeks in which Plaintiff also worked overtime hours;

(f)     Award Plaintiff proper payment for each overtime hour worked from February 27, 2011 through October 1, 2011, calculated at one and one-half times the regular rate, and liquidated damages equaling 100% of the overtime pay due Plaintiff, as required by the FLSA;

(g)     Award Plaintiff prejudgment interest on all amounts owed;

(h)     Award Plaintiff nominal damages;

(i)     Award Plaintiff her reasonable attorneys' fees and costs of litigation; and

(j)     Award any and such other further relief this Court deems just, equitable and proper.

Respectfully submitted, this 24th day of March, 2014.


Mitchell D. Benjamin
Georgia Bar No. 049888

BILLIPS & BENJAMIN LLP
One Tower Creek, Suite 190
3101 Towercreek Parkway
Atlanta, Georgia 30339
(770) 859-0751 Telephone
(770) 859-0752 Facsimile
benjamin@bandblawyers.com               ATTORNEYS FOR PLAINTIFFS