## SETTLEMENT AGREEMENT AND GENERAL RELEASE

(1) Cynthia Williams and her heirs, executors, administrators, successors, and assigns (collectively referred to throughout this Agreement as "Employee"), and (2) Resurgens Risk Management, Inc. ("Resurgens") and Willie Burks (collectively "Defendants") agree that:

1. **Last Day of Employment.** Employee's last day of employment with Resurgens was on or about August 30, 2013.

2. **Consideration.** In consideration for this Settlement Agreement and General Release and compliance with its terms:

   a. Subject to approval of the terms of this Settlement Agreement by the United States District Court for the Northern District of Georgia in connection with the case captioned *Williams v. Resurgens Risk Management, Inc., et al.*, Case No. 1:14-cv-01222-JEC (N.D. Ga.) (the "Action"), Defendants agree to pay a total of Twenty Eight Thousand Five Hundred Dollars and No Cents ($28,500.00), to be apportioned and paid as follows:

   (i) Seven Thousand Five Hundred Dollars and No Cents ($7,500.00) will be paid to Employee as back wages. Statutory withholdings and applicable taxes will be withheld from this amount. Resurgens will issue an IRS Form W-2 to Employee for this wage portion of the payment. Resurgens will deliver this payment to Employee's counsel within fourteen (14) calendar days of the date the Court approves the terms of this Settlement Agreement.

   (ii) Seven Thousand Five Hundred Dollars and No Cents ($7,500.00) will be paid to Employee as liquidated damages and other consideration. No withholding or tax deductions will occur with regard to this payment. Resurgens will issue an IRS Form 1099 to Employee for this non-wages portion of the payment. Resurgens will deliver this payment to Employee's counsel within fourteen (14) calendar days of the date the Court approves the terms of this Settlement Agreement.

   (iii) Thirteen Thousand Five Hundred Dollars and No Cents ($13,500.00) will be paid to Employee's counsel as attorneys' fees and costs. No withholding or tax deductions will occur with regard to this payment. Resurgens will issue IRS Form 1099s for this payment in accordance with applicable laws. Resurgens will deliver this payment to Employee's counsel within fourteen (14) calendar days of the date the Court approves the terms of this Settlement Agreement.

   b. Counsel for Defendants will deliver the foregoing payments to Employee's counsel of record, Billips & Benjamin, LLP, One Tower Creek, 3101 Towercreek Parkway, Suite 190, Atlanta, Georgia 30339, who, in turn, will ensure delivery to Employee.

        c.       The Parties agree that any change in the foregoing allocation or amounts ordered by the United States District Court for the Northern District of Georgia shall not impact the enforceability of this Agreement so long as Defendants are required to pay no more or no less than a total of Twenty Eight Thousand Five Hundred Dollars and No Cents ($28,500.00).

        d.       Employee agrees to take all action necessary to seek approval of the terms of this Settlement Agreement by the United States District Court for the Northern District of Georgia, and agrees to take all action necessary to have all claims in the Action withdrawn and dismissed with prejudice.

        3.       **No Consideration Absent Execution of this Settlement Agreement.** Employee understands and agrees that she would not receive the monies and/or benefits specified in section "2" above, except for Employee's execution of this Settlement Agreement and the fulfillment of the promises contained herein.

        4.       **General Release of All Claims.** Employee knowingly and voluntarily releases and forever discharges Burks, his respective heirs, estates, executors, trustees, or assigns, and Resurgens, its privies, parent corporation, affiliates, subsidiaries, divisions, predecessors, insurers, successors and assigns, and its current and former employees, attorneys, officers, directors and agents thereof, both individually and in their business capacities, and its employee benefit plans and programs and their administrators and fiduciaries (collectively referred to as "Releasees"), of and from any and all claims, known and unknown, asserted or unasserted, which Employee has or may have against Releasees as of the date of execution of this Settlement Agreement, including, but not limited to, any alleged violation of:

- Title VII of the Civil Rights Act of 1964;
- Sections 1981 through 1988 of Title 42 of the United States Code;
- The Employee Retirement Income Security Act of 1974 ("ERISA") (as modified below);
- The Immigration Reform and Control Act;
- The Americans with Disabilities Act of 1990;
- The Worker Adjustment and Retraining Notification Act;
- The Fair Credit Reporting Act;
- The Family and Medical Leave Act;
- The Equal Pay Act;

- The Fair Labor Standards Act;

- The Genetic Information Nondiscrimination Act of 2008;

- Georgia AIDS Confidentiality Act – O.C.G.A. §24-9-47;

- Georgia Equal Pay Act (Sex Discrimination in Employment) – O.C.G.A. §34-5-1 et seq.;

- Georgia Age Discrimination in Employment Act – O.C.G.A. § 34-1-2;

- Georgia Equal Employment for Persons with Disabilities Code – O.C.G.A. §34-6A-1 et seq.;

- Georgia Wage Payment and Work Hour Laws;

- City of Atlanta Anti-Discrimination Ordinance, Part II, Chapter 94, Article 11, Section 94-10 et seq.;

- any other federal, state or local law, rule, regulation, or ordinance;

- any public policy, contract, tort, or common law; or

- any basis for recovering costs, fees, or other expenses including attorneys' fees incurred in any matter.

Employee is not waiving any rights she may have to: (a) her own vested accrued employee benefits under any health, welfare, or retirement benefit plans as of the Separation Date; (b) benefits and/or the right to seek benefits under applicable workers' compensation and/or unemployment compensation statutes; (c) pursue claims which by law cannot be waived by signing this Settlement Agreement; (d) enforce this Settlement Agreement; and/or (e) challenge the validity of this Settlement Agreement.

Nothing in this Settlement Agreement prohibits or prevents Employee from filing a charge with or participating, testifying, or assisting in any investigation, hearing, or other proceeding before any federal, state, or local government agency. However, to the maximum extent permitted by law, Employee agrees that if such an administrative claim is made, Employee shall not be entitled to recover any individual monetary relief or other individual remedies.

If any claim is not subject to release, to the extent permitted by law, Employee waives any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based

3 of 6

on such a claim in which any Releasee identified in this Agreement is a party.

5. **Acknowledgments and Affirmations.**

Employee affirms that Employee has not filed, caused to be filed, or presently is a party, related to or affiliated with any claim against Defendants, except the claims in the Action.

Employee also affirms that all hours purportedly worked have been reported as of the date Employee signs this release and have been paid and/or Employee has received all compensation, wages, bonuses, commissions, and/or benefits which are due and payable as of the date Employee signs this Agreement. Employee affirms that Employee has been granted any leave to which Employee was entitled under the Family and Medical Leave Act or related state or local leave or disability accommodation laws.

Employee further affirms that Employee has no known workplace injuries or occupational diseases.

Employee also affirms that Employee has not divulged any proprietary or confidential information of Resurgens and will continue to maintain the confidentiality of such information consistent with Resurgens' policies, Employee's agreement(s) with Resurgens, and/or common law.

Employee further affirms that Employee has not been retaliated against for reporting any allegations of wrongdoing by Resurgens or its officers, including any allegations of corporate fraud.

Employee shall not apply in the future for employment with Resurgens because of, among other things, irreconcilable differences.

6. **Limited Disclosure and Return of Property.**

Employee agrees not to disclose any information regarding the underlying facts leading up to or the existence or substance of this Settlement Agreement, except to her spouse, tax advisor, an attorney with whom she chooses to consult regarding her consideration of this Settlement Agreement, and/or any federal, state, or local government agency. This shall not prohibit Employee from disclosing the information expressly set forth in this Settlement Agreement to the United States District Court for the Northern District of Georgia in connection with seeking approval of the terms of this Settlement Agreement or dismissal of the claims in the Action.

Employee affirms that Employee has returned all of Resurgens' property, documents, and/or any confidential information in Employee's possession or control. Employee also affirms that Employee is in possession of all of Employee's property that Employee had at Resurgens' premises and that Resurgens is not in possession of any of Employee's property.

7. **Governing Law and Interpretation.** This Settlement Agreement shall be governed and conformed in accordance with the laws of Georgia. In the event of a breach of any provision of this Settlement Agreement, either party may institute an action specifically to enforce any term or terms of this Settlement Agreement and/or to seek any damages for breach. Should any provision of this Settlement Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the general release language, such provision shall immediately become null and void, leaving the remainder of this Settlement Agreement in full force and effect.

8. **Non-admission of Wrongdoing.** The Parties agree that neither this Settlement Agreement nor the furnishing of the consideration for this Settlement Agreement shall be deemed or construed at any time for any purpose as an admission by Releasees of wrongdoing or evidence of any liability or unlawful conduct of any kind, all such liability or responsibility being expressly denied.

9. **Amendment.** This Settlement Agreement may not be modified, altered or changed except in writing and signed by all Parties wherein specific reference is made to this Settlement Agreement.

10. **Entire Agreement.** This Settlement Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any prior agreements or understandings between the Parties. Employee acknowledges that Employee has not relied on any representations, promises, or agreements of any kind made to Employee in connection with Employee's decision to accept this Settlement Agreement, except for those set forth in this Settlement Agreement.

11. **Counterparts; Signature.** This Settlement Agreement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Agreement, which shall be binding upon and effective as to all parties. Signatures sent by facsimile machine or scanned signatures in Portable Document Format sent by email shall be deemed original signatures.

EMPLOYEE IS ADVISED THAT EMPLOYEE HAS HAD A REASONABLE AMOUNT OF TIME TO CONSIDER THIS AGREEMENT. EMPLOYEE IS ALSO ADVISED TO CONSULT WITH AN ATTORNEY PRIOR TO EMPLOYEE'S SIGNING OF THIS SETTLEMENT AGREEMENT AND CONFIRMS THAT SHE HAS, IN FACT, CONSULTED WITH HER ATTORNEY OF RECORD PRIOR TO SIGNING THIS AGREEMENT

EMPLOYEE FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS SETTLEMENT AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS EMPLOYEE HAS OR MIGHT HAVE AGAINST RELEASEES.

**The Parties knowingly** and voluntarily sign this Settlement Agreement as of the date(s) set forth below:

**Cynthia Williams**

By: _[signature] Cynthia B. Williams_    Date: 08-19-2014
Cynthia Williams

**Resurgens Risk Management Inc.**

By: _[signature]_    Date: 8-22-14
Willie H. Burks, CEO and President

**Willie H. Burks**

By: _[signature]_    Date: 8-22-14
Willie H. Burks, in his individual capacity